IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 1:26-CR-258-ELR-JSA |
| TYLER JOHN NORMAN | ) | |
| | ) | |

MOTION TO SUPPRESS EVIDENCE

COMES NOW, Defendant, TYLER JOHN NORMAN, pursuant to the Fourth Amendment to the United States Constitution, and files this motion to suppress the evidence seized as a result of an illegal stop and warrantless search. For cause, Defendant shows the following:

1) Mr. Norman has been charged in a two-count indictment with violating 18 U.S.C. 844(f) and 18 U.S.C. § 245(b)(3). Katie Marie Kloth is charged with the same offenses. Mr. Norman entered a not guilty plea at his first appearance on July 16, 2026.

2) On May 12, 2022, there was a protest outside the offices of Brasfield & Gorrie in Marietta, Georgia. The company was involved with the building of the Atlanta Police Department's training complex that is colloquially known as "Cop City." During the protest, some protesters spray painted the office building, set off consumer fireworks, and threw rocks at the building. It appears that some

of the fireworks started several fires on the ground outside of the building. After several minutes, the protesters left.

3) Police responded to the scene and located a parking lot where many of the protesters had parked cars. They attempted to identify people and cars that were at the scene. The police allowed many of the protesters to simply leave.

4) The police located Mr. Norman and Ms. Kloth near some woods in the area of a Goodwill location on Cobb Parkway. They detained both individuals and questioned them. They arrested the two and seized their belongings, including phones and backpacks.

5) The stop and search were conducted without a warrant. All arrests, searches, and seizures conducted without a warrant are exceptions to the express language of the Fourth Amendment to the United States Constitution. "The Fourth and Fourteenth Amendments' prohibition of searches and seizures that are not supported by some objective justification governs all seizures of the person, 'including seizures that involve only brief detention short of traditional arrest.'" *Reid v. Georgia*, 448 U.S. 438, 440 (1980) quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975).

6) In order for a warrantless search or seizure to be lawful, police officers must have "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." *Brown v. Texas*, 443 U.S. 47, 51 (1979); *United States*

*v. Sokolow*, 490 U.S. 1, 7 (1989); *Terry v. Ohio*, 392 U.S. 1 (1968). At the time of the stop, the officers had no evidence that Mr. Norman had done anything to violate the law.

WHEREFORE, Mr. Norman respectfully requests

(a) that the Court issue an order setting this matter down for a pretrial hearing at which time the Government should be required to show cause why the relief sought by the Defendant should not be granted;

(b) that the defendant be permitted to supplement this motion, if necessary;

(c) that the Court allow additional briefing on this issue following the hearing of evidence on this motion; and

(d) that the Court issue an order suppressing all illegally or unconstitutionally seized or obtained evidence and any reference thereto in the event this case goes to trial; and

(e) that the Court grant such other relief as may be just under the circumstances of this case.

Dated: This 11th day of September, 2026.

Respectfully submitted,

s/*Brian Mendelsohn*
Georgia Bar No. 502031
Brian@tmelg.com

ATTORNEY FOR TYLER JOHN NORMAN

The Mendelsohn Ertel Law Group LLC
1800 Peachtree Street, N.W.
Suite 300
Atlanta, Georgia 30309
(404) 885-8878